IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CIRIACO LARA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| ALCALA MEN'S CLOTHING STORE, INC, | ) | |
| | ) | Magistrate Judge |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT

Plaintiff Ciriaco Lara, through his attorneys, against Defendant Alcala Men's Clothing Store, Inc., (hereafter "Defendant") states as follows:

### I.     NATURE OF THE CASE

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), for Defendant's: (1) failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and IMWL.

### II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this judicial district because Defendant's place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III. PARTIES

**Plaintiff**

4. At all relevant times, Plaintiff Lara:

    a. has been an "employee" of Defendant as the term is defined by the FLSA, and the IMWL;

    b. has handled goods that moved in interstate commerce;

    c. had resided in Cook County, Illinois, within this judicial district.

**Defendant**

5. Within the relevant time period, Defendant:

    a. has been a corporation organized under the laws of the State of Illinois;

    b. has conducted business in Illinois and within this judicial district;

    c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

    d. has had two (2) or more employees who have handled goods that moved in interstate commerce;

    e. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

### IV. FACTUAL BACKGROUND

6. Plaintiff worked for Defendant within the three years preceding the filing of this lawsuit at Defendant's clothing store located at 1733 W Chicago, Illinois, 60622.

7. During the course of his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours in a workweek.

8. Defendant failed to compensate Plaintiff at time and a half Plaintiff's regular or federal and Illinois mandated rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

9. Plaintiff was compensated at this straight time rate for all time worked for defendant.

## COUNT I
## Violation of the FLSA – Overtime Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 9 as though set forth herein.

10. This Count arises from Defendant's violation of the FLSA for their failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in a workweek, described more fully in paragraphs 6-9, *supra*.

11. Defendant directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

12. Plaintiff was not exempt from the overtime provisions of the FLSA.

13. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

14. Defendant did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

15. Defendant's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

16. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

  A. A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual workweeks;

  B. Liquidated damages in the amount equal to the unpaid overtime wages;

  C. That the Court declare that Defendant violated the FLSA;

  D. That the Court enjoin Defendant from continuing to violate the FLSA;

  E. Reasonable attorneys' fees and costs as provided by the FLSA;

  F. Such other and further relief this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL – Overtime Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 16 as though set forth herein.

17. This Count arises from Defendant's violation of the IMWL for their failure to pay Plaintiff time and a half his regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, described more fully in paragraphs 6-9, *supra*.

18. Defendant directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

19. Plaintiff was not exempt from the overtime provisions of the IMWL.

20. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

21. Defendant did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

22. Defendant's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

23. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for the three (3) years prior to filing this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual workweeks;

B.     Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     That the Court declare that Defendant violated the IMWL;

D.     That the Court enjoin Defendant from continuing to violate the IMWL;

E.     Reasonable attorneys' fees and costs as provided by the IMWL;

F.     Such other and further relief as this Court deems appropriate and just.

                                                Respectfully submitted,

Dated: September 23, 2015

                                                <u>s/Alvar Ayala</u>
                                                Alvar Ayala (ARDC #6295810)
                                                Christopher J. Williams (ARDC #6284262)
                                                Workers' Law Office, P.C.
                                                53 W. Jackson Blvd., Suite 701
                                                Chicago, IL 60604
                                                (312) 795-9121

                                                Attorneys for Plaintiff